UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SUZANNE L. BOWSER,                            No. 16-10210

                            Debtor(s).
_____/

LINDA S. GREEN, Trustee,

                            Plaintiff(s),

                            v.                            A.P. No. 16-1079

ROBERT PETERSON, et al.,

                            Defendant(s).
_____/

Memorandum After Trial
_____

    On March 16, 2012, creditor Maureen Catalina obtained a judgment for $55,000 against debtor Suzanne Bowser in state court. On March 22, 2012, Bowser executed a quitclaim deed to her interest in the real property at 2814 Wood Gulch Road, Eureka, California to defendant Robert Peterson. Relying on the proximity of the quitclaim deed to her judgment, Catalina brought suit against Bowser and Peterson in state court on March 18, 2016, to avoid the deed as a fraudulent transfer. Bowser had filed her Chapter 7 petition on March 16, 2016, so the cause of action to avoid the alleged fraudulent

1

transfer was property of the bankruptcy estate. The state court action was removed to this court and Green substituted as plaintiff.

Despite the closeness of the date of transfer to the date of the Catalina judgment, the facts show that there was no fraudulent transfer. Bowser and her then-spouse had acquired the property together with Peterson in 2007, and in 2010 had entered into a written agreement to sell their interest in the property to Peterson for $100,000 over time. Peterson paid the Bowsers in full, and the purpose of the quitclaim deed was only to acknowledge payment and consummate the agreement. There is no indication that the purchase price was insufficient or that the sale was in any way motivated by the Catalina lawsuit. The proximity of the execution of the quitclaim deed to the date of the judgment appears, from all of the evidence produced at trial, to be only a coincidence.

As a fallback position, Green argues that the recording of her abstract of judgment on April 30, 2012, created a lien on the property because on that date neither the agreement for the sale to Peterson nor the quitclaim deed had been recorded. However, it is undisputed that on the date the abstract was recorded Bowser held only bare legal title, her quitclaim deed having been executed by her but not yet delivered to Peterson, who had paid the full purchase price. A judgment creditor does not have the rights of a bona fide purchaser for value, and is accordingly junior to all interests in the property enforceable against the debtor regardless of whether those senior interests are recorded. 5 **California Real Estate L.& P**. § 121.51[6], citing *Livingstone v. Rice,* 131 Cal.App.2d 1, 3 (1955). "The judgment lien attaches only to the extent of the judgment debtor's interest in the property, and is subject to any equitable title that may be held in third persons." 11 Miller & Starr, **California Real Estate** (4th Ed.) § 42:54.

Green vaguely questions the sufficiency of the August 30, 2010, agreement, but the court sees no basis for finding it insufficient. It is in writing, states the purchase price and the time for payment, contains a description of the property sufficient to identify it, and is signed by the selling party; that is all the law requires. 3 **California Real Estate L.& P**. § 71.01[1]. As a land sale contract not requiring conveyance with in one year, it is subject to Cal. Civil Code § 2985 et seq., but nothing

2

therein calls the sufficiency of the agreement into question.

For the foregoing reasons, Green shall take nothing by her complaint, which will be dismissed with prejudice. Defendants shall recover their costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for defendants shall submit an appropriate form of judgment forthwith.

Dated: June 13, 2017

                                                  Alan Jaroslovsky
                                                  U.S. Bankruptcy Judge